# Joseph v. Seward.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Description of land in deed; "more or less," as part of statement of quantity.*—In a conveyance of two town lots described by their numbers, the words being added, "said lots contain three quarters of an acre, more or less," a deficiency in the quantity furnishes no defense against an action to enforce payment of the purchase-money.

2. *Misrepresentation of boundary line.*—If the vendor of lands, in negotiating a sale, misrepresents the boundary, or points out a line which would make a material difference in the quantity or value of the tract, and the purchaser is thereby induced to complete the contract, he may, at his option, rescind the contract entirely, or claim an abatement of the purchase-money; and it is immaterial whether the misrepresentation was made purposely or through ignorance.

APPEAL from the City Court of Decatur.

Heard before the Hon. WM. H. SIMPSON.

The bill in this case was filed on the 31st July, 1889, by E. R. Seward, against C. W. Joseph and M. B. Jones; and ·sought to enforce a vendor's lien on two town lots in Decatur, which complainant had sold and conveyed to the defendants, for the unpaid purchase-money due on the note last falling due. The defendants, by answer and cross-bill, prayed a rescission of the contract, on account of an alleged misrepresentation of the boundary line of the lots, or an abatement of the purchase-money, on account of a deficiency in the quantity of land conveyed by the deed. On final hearing, on pleadings and proof, the City Court dismissed the cross-bill, and rendered a decree for the complainant as prayed in the original bill. The defendants appeal, and assign this decree as error.

W. R. FRANCIS, and JOHN D. WATSON, for appellant, cited *Thweatt v. McLeod,* 56 Ala. 375; *Tedder v. Steele,* 70 Ala. ·347; 61 Ala. 80; *Bridges v. McLendon,* 56 Ala. 327; *Humes v. Bernstein,* 72 Ala. 546.

KYLE & SKEGGS, *contra,* cited *Frederick v. Youngblood,* 19 Ala. 680; *Wright v. Wright,* 34 Ala. 194; *Dozier v. Duffie,*

1 Ala. 320; *Hess v. Cheney*, 83 Ala. 251; *Hodges v. Denny*, 86 Ala. 226; *Thompson v. Sheppard*, 85 Ala. 611; *Pettus v. McKinney*, 74 Ala. 108; *Broughton v. Mitchell*, 64 Ala. 210; *Parks v. Brooks*, 16 Ala. 529; *Hooper v. Armstrong*, 69 Ala. 343; *Hawes v. Brown*, 75 Ala. 385.

STONE, C. J.—In laying out the town of Decatur, the streets were made to run at right angles, cutting the ground into blocks of two acres—being 264 feet by 330—and surrounded on all sides by streets. These blocks were divided into four lots of a half acre each, by lines bisecting them in each direction. Lots 445 and 446 adjoin each other, and are imperfect by reason of an over-lap by another landed proprietor of older title. In 1887, Seward, through Skeggs, a real estate agent, contracted to sell these fractional lots to Joseph and Jones, at the agreed price of sixteen hundred dollars, one-third cash, and the residue in two equal, annual installments. The cash payment was made, and the purchasers put into possession. At the maturity of the first credit installment, it was also paid, and a deed, with warranty, was then executed by Seward to Joseph and Jones. In the deed, the premises are described as " fractional lots numbers four hundred and forty-five (445) and four hundred and forty-six (446), . . , said fractional lots contain three quarters of an acre, more or less, situated in Decatur, Morgan county, Alabama."

The second credit installment was not paid, and the present bill was filed by Seward to enforce a vendor's lien for the unpaid third of the purchase-money. The defendants, Joseph and Jones, defended on the alleged ground, that in negotiating the sale, Skeggs, the agent, in exhibiting the lot to Joseph, who conducted the purchase, pointed out, as part of the lots he was selling, a considerable strip lying north of them, which is not included in fractional lots 445 and 446; that Joseph was ignorant of the true line, and, trusting Skeggs' representation as true, he made the purchase, and obtained much less than he bargained for. They allege that the fractional lots, as they obtained them, contain only about one fourth of an acre. The lots were in an old field, and the streets were not used; hence there were no land-marks to aid in locating the exact boundaries of the lots, save on the south side, which was marked by a fence. It is not charged that Skeggs knowingly misrepresented the boundary, or that he intentionally deceived Joseph.

Attached to Joseph's deposition are two diagrams, or maps, purporting to represent fractional lots 445 and 446. If correct, each of them shows the contents of the two fractional lots.

[Mitchell v. Corbin.]

to be much greater than is averred in the cross-bill. Exhibit A, which we suppose is copied from the survey of the town, shows that they contain about seven-tenths of an acre, while Exhibit B makes them about six-tenths. According to the rule declared in this State (*Frederick v. Youngblood*, 19 Ala. 680), this deficiency in quantity, considered by itself, furnished no ground of defense.—2 Devlin on Deeds, § 1046.

By an unbroken line of decisions in this State, if, in negotiating a sale of land, the seller represents or points out an improper boundary of the land he is selling, and thereby induces the purchaser to close the trade; and if the representation is untrue, and the land conveyed, or agreed to be conveyed, is materially less in quantity or value than that pointed out, this arms the purchaser with the right to rescind the contract, or abate the purchase-price, dependent on the option of the purchaser, and the facts of the particular case. And this defense is equally available to the purchaser, whether the seller knows or does not know the representation he makes is false. In such case, it is held that the injury to the purchaser is the same, whether the misrepresentation was made through ignorance or intention.—*Munroe v. Pritchett*, 16 Ala. 785; *Thweatt v. McLeod*, 50 Ala. 375; *Winston v. Steele*, 70 Ala. 347.

The alleged misrepresentation in this cause was as to the northern boundary of the lots, and consequently, as to their quantity or size. This was the only issue of fact in the case, and on this issue the burden of proof was on the defendants. Only two witnesses were examined on this controverted issue of fact, and their testimony stands diametrically opposed, the one to the other. There is nothing in the record to show that one of those witnesses is more credible than the other, or which authorizes us to give credence to one rather than the other. We feel constrained to hold that the charge of misrepresentation is not proved.

Affirmed.