[Howle v. North Birmingham Land Company.]

# Howle *v*. North Birmingham Land Company.

*Bill in Equity to enforce Vendor's Lien on Land; Cross-Bill for Rescission of Contract.*

1. *Rescission of contract, at instance of purchaser, on ground of fraud.* A court of equity will not decree the rescission or cancellation of a contract for the sale of land, at the instance of the purchaser, on account of fraudulent misrepresentations made by the vendor, upon a bare probability, or mere preponderance of the evidence, but requires the complainant to establish his case by clear and convincing evidence.

2. *Same; laches.*—The purchaser of land, claiming a rescission of the contract on the ground of fraud, must act with promptness on its discovery; and when he delays for three years, as in this case, and then sets up the fraud in defense of a bill to enforce a vendor's lien, relief will be refused on account of the *laches.*

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The original bill in this case was filed on the 27th March, 1890, by the North Birmingham Land Company, a private corporation, against W. P. Howle; and sought to enforce a vendor's lien for unpaid purchase-money, on two lots which the complainant had sold to the defendant. The defendant, by answer and cross-bill, asked a rescission of the contract, on account of alleged fraudulent representations made by the complainant's agent who negotiated the sale, and which were alleged to be a material inducement to the purchase. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, but did not notice the cross-bill; and his decree is here assigned as error.

S. J. DARBY, and WATTS & SON, for appellants, cited *Juzan v. Toulmin,* 9 Ala. 662; *Atwood v. Wright,* 29 Ala. 346; *Foster v. Gressett,* 29 Ala. 393; Pomeroy's Equity, §§ 878, 880-90; 1 Brick. Digest, 688, §§ 705-07.

GARRETT & UNDERWOOD, *contra,* cited *Bradfield v. Elyton Land Co.,* 93 Ala. 527; *B. Elevator & Warehouse Co. v. Elyton Land Co.,* 93 Ala. 549.

WALKER, J.—On the 14th day of January, 1887, the appellant contracted for the purchase of the lots upon which

[Howle v. North Birmingham Land Company.]

the vendor's lien is claimed, paid one fourth of the purchase-money in cash, for the balance thereof executed his three notes, each for one fourth of the purchase-price, and payable respectively one, two and three years after date, and received from the appellee its bond for title. The note for the first deferred installment of the purchase-money was paid at its maturity. No payment having been made on the other two notes, the original bill in this case was filed in March, 1890, for the enforcement of the vendor's lien on the lots sold. The appellant filed an answer and cross-bill, alleging that certain false and fraudulent representations were made by the appellee's agent, and that appellant was induced to make the purchase by his reliance on the truth of such representations. The cross-bill prays that the contract of sale be set aside and vacated, that the notes described in the original bill be delivered up and cancelled, and for a decree in favor of the cross-complainant for the amount already paid by him on the purchase, with a lien on the lots.

It may be conceded that the cross-bill sufficiently charges such false representations by the agent of the seller as would authorize the purchaser to demand a rescission of the contract of sale. Still, the purchaser is not entitled to a rescission on the facts developed in this case. In the first place, it may be remarked, without going into a discussion of this feature of the case, that the evidence of the alleged representations, and that they were falsely and fraudulently made, is not altogether satisfactory. The right to the rescission or cancellation of a contract, because of fraudulent misrepresentations, must be established by clear and convincing proof. A court of equity can not grant such relief upon a probability, nor even upon a *mere* preponderance of the evidence. The representations themselves, and that they were falsely and fraudulently made, must be clearly established.—*Bailey v. Litten*, 52 Ala. 282. We are not satisfied that the evidence as to the representations alleged in the cross-bill come up to the high standard required in such cases.

We do not, however, rest the decision of the case upon the insufficiency of the evidence in this regard. The right to rescind a contract, because of fraudulent misrepresentations, is one which can not be availed of unless it is promptly asserted. Mr. Pomeroy says: "All these considerations as to the nature of misrepresentations require great punctuality and promptness of action by the deceived party upon his discovery of the fraud. The person who has been mis-

led is required, as soon as he learns the truth, with all reasonable diligence to disaffirm the contract, or abandon the transaction, and give the other party an opportunity of rescinding it, and restoring both of them to their original position. He is not allowed to go on and derive all possible benefits from the transaction, and then claim to be relieved from his own obligations by a rescission, or refusal to perform on his own part. If, after discovering the untruth of the representations, he conducts himself with reference to the transaction as though it was still subsisting and binding, he thereby waives all benefit of, and relief from the misrepresentations."—2 Pomeroy's Eq. Juris. § 897. The deceived party can not remain quiet, and hold in reserve his option to rescind, to be asserted if a turn in events shall make it to his advantage to get rid of his obligations, but to be abandoned if it shall suit his purposes to hold the other party to the contract. Fraudulent misrepresentations in the sale of real estate do not confer upon the defrauded party the speculative advantage of being entitled to wait for the rise or fall in the value of the property, and then act according to his interest in the matter. If the deceived party, after discovering the falsity of the representations upon the truth of which he claims to have relied, does not promptly avail himself of the right to rescind, he loses that right, and his failure for a considerable length of time to impeach the transaction raises a presumption of his acquiescence in its validity.—*Lockwood v. Fitts*, 90 Ala. 150; *Orendorff v. Tallman*, 90 Ala. 441 ; *Sheffield Land I. & C. Co. v. Neill*, 87 Ala. 158; *Garrett v. Lynch*, 45 Ala. 204.

The misrepresentations alleged and relied on in this case were in reference to improvements to be made on the property of the appellee in the neighborhood of the lots sold to the appellant. The appellant himself says : "The proposed improvements and the representations of the president of the company, as to what improvements they were prepared to make, and would make that year (1887), induced me to purchase the lots. Without these representations I would not have purchased the property." Yet, after the time had elapsed within which he says the improvements were to have been made, he recognized the contract of sale as binding upon him, and, without objection, so far as the evidence disclosed, he paid the installment of the purchase-money which was due in 1888. It was obvious then that the alleged representations as to facts existing at the date of the sale were not true, and that the engagements for the future had not been performed. Still, in view of these de-

velopments, the purchaser did nothing which could stand in the way of his holding the seller to the contract, if the property should enhance instead of depreciate in value. He recognized the purchase as binding by making a payment on it. Not until after he had waited more than two years longer, and until after a bill had been filed for the unpaid balance, did he do anything to indicate his disavowal of the validity of the contract. No attempt is made to excuse or explain the long delay. It is not suggested that the alleged fraud was not as well known to the purchaser in 1888 as it was in 1890. The proof does not show that he was reasonably prompt to exercise his election to disaffirm the contract. His conduct strongly indicates that he acquiesced in the transaction as subsisting and binding—that he ratified it, rather than that he repudiated it. The long delay, wholly unexplained, raises the presumption that he elected to treat the contract as binding, and to waive any objections he may have been entitled to urge because of misrepresentations. The purchaser's present contention is not consistent with his conduct for the period of more than three years, during which the validity of the contract was not questioned, though it was plain that the expectations which it is now claimed were relied on were not realized. We are satisfied that the appellant is not entitled to a rescission, and that he did not make out a defense to the original bill.

Affirmed.