(90 South. 790)

## BRENNEN v. KENT.   (6 Div. 279.)

(Supreme Court of Alabama.   Oct. 27, 1921.)

**1. Exchange of property ⬤⇒8(4)—Evidence held not to show satisfactorily defendant misrepresented location of land owned by him.**

In a suit to rescind an executed exchange of real property for defendant's misrepresentation as to location of the property he owned, conflicting testimony by defendant and by the agent who negotiated the exchange as to the property pointed out by defendant to the agent is insufficient to sustain complainant's burden of proof, if the agent was the agent of the complainant for finding out the location of the defendant's lot.

**2. Brokers ⬤⇒102—Each party to exchange is liable for representations by common agent as to location of his land.**

Where an exchange of real property was effected through one who was acting as the agent for both parties within the limits of recognized propriety, each party made the broker his own agent for bringing to the knowledge of the other the nature and identity of the property that he was offering for sale or exchange, and the other party may rely on the statements made to him in that behalf by the broker just as if they were made by the principal in person.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Emma E. Kent against Thomas L. Brennen to rescind an executed contract for the mutual exchange of certain real property. Decree for complainant, and respondent appeals. Affirmed.

Frank Cahalan, of Birmingham, for appellant.

The right to rescind was not shown by the character of evidence required. 95 Ala. 389, 11 South. 15; 112 Ala. 581, 20 South. 929; 162 Ala. 476, 50 South. 227.

Black, Altman & Harris, of Birmingham, for appellee.

Where a person bargains for one piece of land, and receives deeds for another, he is entitled to rescind. 138 Ala. 305, 35 South. 250; 162 Ala. 473, 50 South. 116; 51 W. Va. 196, 41 S. E. 136.

SOMERVILLE, J. The bill of complaint is filed by Mrs. Kent against the respondent, Brennen, for the purpose of declaring a rescission of an executed contract under which they exchanged certain pieces of real property by mutual conveyances, each to the other. The exchange was effected through the agency of one Faircloth, who, as we think the evidence satisfactorily shows, was acting for both parties within the limits of recognized propriety. 9 Corp. Jur. 510 [§ 10] B.

The gravamen of the bill is that respondent, after opening negotiations with Faircloth, authorized him to submit respondent's proposition to complainant, and made him his agent for the purpose of showing his property to complainant; and that Faircloth, acting in that behalf, pointed out to complainant certain land, very desirably located, as the land complainant was to receive from respondent, and which was described by lot numbers in the deed exhibited by him, whereas the actual land thus described was located about a quarter of a mile away, less desirable in every way, and of much less value than the land pointed out.

The testimony shows that respondent took one Garrett, a member of Faircloth's firm, out to where respondent's lots were supposed to be located, and Garrett testified that respondent pointed out, as the lots to be exchanged, the more valuable tract, which, on that information, Garrett or Faircloth, one or both, afterwards pointed out to complainant's purchasing agent, before the trade was agreed upon. Respondent, on the other hand, testified that he pointed out to Garrett the other and remoter tract, which he in fact owned, and which was correctly described by the lot numbers in his deed.

[1] If Faircloth and Garrett were to be regarded as the agents of complainant for finding out the location of the lots, we could hardly reach the conclusion on the conflicting testimony of Garrett and respondent—the burden of proof being on complainant—that respondent misrepresented the location of the lots to Garrett; and hence, on that issue of fact, complainant's case would fail. Howle v. North Birmingham Land Co., 95 Ala. 389, 11 South. 15.

[2] But, under the circumstances of this case, it must be concluded as a matter of law that each of the parties, who are brought together for trading with each other by the aid of a common broker, makes the broker his own agent for bringing to the knowledge of the other party the nature and identity of the property that he is offering for sale or exchange; and that such other party may rely upon the statements made to him in that behalf by the broker, just as if they were made to him by the principal in person.

In this view of the case the evidence supplied every element necessary to support the prayer for rescission and restitution. Complainant did not get the property she intended to acquire and thought she was acquiring, and the minds of the parties never in fact met or agreed as to the subject-matter of the contract. In such a case, the complaining party not being in fault, equity will effect a rescission, and place the parties as nearly as possible in statu quo.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We think complainant is entitled to the relief prayed for, and the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.