### BAIN v. GUNTERSVILLE REALTY CO. et al.
(8 Div. 481.)

(Supreme Court of Alabama. April 10, 1924. Rehearing Denied May 15, 1924.)

1. **Vendor and purchaser** ⟨key⟩107—Purchaser of land held not entitled to rescission of vendor's contract with vendor's grantor.

Complainant could not, as purchaser of land from codefendant W., maintain bill for rescission of sale of land by codefendant realty company to W., on ground that realty company deceived W. into believing tract conveyed to him contained more land than it did.

2. **Equity** ⟨key⟩203—In action by vendee to rescind land contract, vendor's answer held not sufficient as cross-bill against codefendant.

In action by vendee to rescind contract of sale of land, answer of defendant W. that he joins complainant in praying that, if court decrees rescission of sale from W. to complainant, it will also decree rescission of sale from codefendant realty company to W., held not sufficient to make a cross-bill of W.'s answer, and not to authorize any relief in his favor against realty company.

3. **Vendor and purchaser** ⟨key⟩44—Evidence of fraudulent misrepresentation to entitle to rescission must be clear and convincing.

The right of vendee to rescission or cancellation of a contract because of fraudulent misrepresentations must be established by clear and convincing proof.

4. **Vendor and purchaser** ⟨key⟩44—Evidence held not sufficient to show fraudulent misrepresentation entitling purchaser to rescission.

Evidence *held* not sufficiently strong and clear to show either misrepresentation to purchaser by a realty company or actual mistake between them as to the boundaries of land to entitle purchaser to rescission.

5. **Vendor and purchaser** ⟨key⟩44—Evidence held to justify rescission of land contract because of mistake as to boundary.

Undisputed evidence *held* to entitle complainant purchaser of land to rescission against his immediate vendor on the ground of actual mistake as to the boundary line.

6. **Vendor and purchaser** ⟨key⟩31—Surrender of possession to vendor's grantor held to entitle purchaser to rescind for mistake.

Where complainant purchased land under a mutual mistake as to boundary line, and yielded possession to defendant vendor's grantor as owner by title paramount, he was entitled to rescind.

7. **Vendor and purchaser** ⟨key⟩123—Actual tender of rents collected held not essential to bill for rescission by buyer.

In bill by vendee to rescind purchase of land, complainant's offer to do equity with respect to rents collected by him *held* sufficient without actual tender.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by W. N. Bain against the Guntersville Realty Company and S. J. Walls, for rescission of a contract of sale of lands. From a decree denying relief, complainant appeals. Affirmed in part, reversed in part, and remanded.

It is alleged in the bill that the Guntersville Realty Company, on August 9, 1919, owned and was in possession of certain lands specifically described, on which date it undertook to convey to S. J. Walls for a consideration partly cash and in part secured by mortgage; that the negotiation was conducted by the secretary and general manager of the realty company, who represented to Walls that he was selling to him all of the land shown upon a plat exhibited and pointed out in the bill; that possession of all such land was turned over to Walls, who assumed control of it; and it is alleged that Walls had no knowledge of the boundaries of said land save as pointed out by the mentioned officer of the realty company.

On March 4, 1920, it is alleged Walls contracted to sell and did sell to complainant Bain the land purchased by him from the realty company, and represented to him as being embraced in his conveyance, complainant paying to Walls the same amount of cash that Walls paid to the realty company, and agreeing to substitute his notes and mortgage for those given by Walls for the deferred balance; and that complainant went into possession under this agreement.

It is further alleged that complainant did not know Walls' deed did not embrace the entire tract, and that thereafter the said officer of the realty company entered upon the land, took possession of 2½ acres thereof, the most valuable part of the tract, and rented it to another party; that, as soon as com-

plaintant learned that the deed taken by Walls and that about to be given to him by Walls did not convey all the lands he understood he was buying, he offered to rescind the trade and turn back the land either to Walls or the realty company, and demanded the return of his cash payment. Complainant submits himself to the jurisdiction of the court, and offers to do equity.

The prayer is that the court decree that complainant and Walls have been deceived and defrauded about the land they were to receive; that the sale to Walls and resale to complainant be canceled; that the realty company be required to refund the complainant the amount paid by him to Walls, with interest, and for general relief.

The respondent Guntersville Realty Company made its answer a cross-bill, praying a sale of the lands described in the mortgage for the collection of the amount due thereunder.

By its decree the circuit court held complainant not entitled to relief, and awarded relief under the cross-bill. From that decree the appeal is prosecuted.

D. Isbell, of Guntersville, for appellant.

Walls having been deceived and misled by the Realty Company, complainant may maintain this bill. Cullum v. Bank, 4 Ala. 21, 37 Am. Dec. 725; Moore v. Clay, 7 Ala. 742; Hunter v. O'Neil, 12 Ala. 37; Greenlee v. Gaines, 13 Ala. 198, 48 Am. Dec. 49; Smith v. Robertson, 23 Ala. 312; Saltonstall v. Gordon, 33 Ala. 149; Baptiste v. Peters, 51 Ala. 158; Nelson v. Wood, 62 Ala. 175; Lindsey v. Veasy, 62 Ala. 421; 39 Cyc. 1996, 2018; 27 R. C. L. 374; Manning v. Carter, 201 Ala. 218, 77 South. 744; McKinnon v. Vollmar, 75 Wis. 82, 43 N. W. 800, 6 L. R. A. 121, 17 Am. St. Rep. 178; Howe v. Martin, 23 Okl. 561, 102 Pac. 128, 138 Am. St. Rep. 840. Complainant is entitled to relief against Walls. Code 1907, § 3212.

Rayburn, Wright & Rayburn and C. B. Kennamer, all of Guntersville, for appellees.

In this transaction the parties possessed equal information, and relief will not be granted. Juzan v. Toulmin, 9 Ala. 662, 44 Am. Dec. 448; 18 C. J. (Deeds) § 141; May v. San Antonio Co., 83 Tex. 502, 18 S. W. 959; Dickson v. Van Hoose, 157 Ala. 459, 47 South. 718, 19 L. R. A. (N. S.) 719; Hill v. Bush, 19 Ark. 522.

SOMERVILLE, J. [1] It is clear, on elementary principles of law, that the complainant, Bain, has no right, as a purchaser of land from the respondent Walls, to maintain a bill for the cancellation or rescission of the sale of the land by the respondent realty company to Walls, on the ground that the realty company misrepresented to Walls the location of the northern boundary, and so deceived Walls into believing that the tract to be conveyed to him contained several acres of valuable land in the northwest corner, though in fact the deed of conveyance and the plat attached did not include such acreage.

In such a case, on proper allegation and proof, Walls might be entitled to relief in equity by rescission (Shahan v. Brown, 167 Ala. 534, 52 South. 737; Joseph v. Seward, 91 Ala. 597, 599, 8 South. 682), or in either law or equity by abatement of the purchase money. Bridges v. McClendon, 56 Ala. 332; Manning v. Carter, 192 Ala. 307, 68 South. 909.

[2] The answer of Walls to Bain's bill of complaint "joins the complainant in praying" that, if the court decrees that the sale from Walls to Bain be rescinded, it will decree a rescission also of the sale from the realty company to Walls. This is not sufficient to make a cross-bill of Walls' answer, and would not authorize any relief in favor of Walls against the company.

[3, 4] But, even if the pleadings authorized such relief, we agree with the trial court that the evidence is not sufficiently strong and clear to show either misrepresentation to Walls by the realty company or actual mistake between them as to the boundaries in question. Indeed, it is difficult to understand how any observer of ordinary intelligence could have been misled by the alleged statements of the company's agent, in view of the plain showing made by the plat exhibited to Walls and attached to his deed, and in turn exhibited by Walls to Bain.

"The right to the rescission or cancellation of a contract, because of fraudulent misrepresentations, must be established by clear and convincing proof." Howle v. Land Co., 95 Ala. 389, 11 South. 15; 9 Corp. Jur. 1254, § 195; Johnson v. Rogers, 112 Ala. 576, 20 South. 929.

The evidence here falls far short of that requirement.

[5] As to complainant's right to rescission against his immediate vendor, Walls, we think it is sustained by the undisputed evidence, including the testimony of Walls himself that he showed Bain the tract as including the disputed corner, and sold the tract to him that way.

[6, 7] Ordinarily, relief by rescission will not be granted to a vendee, in the absence of fraud, unless he has surrendered possession to his vendor before filing his bill—it not appearing that retention of possession is necessary to prevent loss. Parks v. Brooks, 16 Ala. 529, 539; Garner v. Leverett, 32 Ala. 410. That principle, however, is not applicable here, since complainant had already yielded possession of the land to the respondent realty company, as owner by title paramount. As for the rents collected by complainant, his offer to do equity is sufficient without actual tender.

On this branch of the case the decree of the circuit court will be reversed, and the cause remanded for such orders and decrees as are appropriate, including a decree for rescission, and for the payment by Walls to complainant of the amount of the purchase money received by Walls, with interest, less the amount of the rents received by complainant out of the land.

In other respects the decree of the circuit court will be affirmed.

Affirmed in part, reversed in part, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.