GARNER, NEVILLE & CO. vs. LEVERETT.

[BILL IN EQUITY FOR RESCISSION OF CONTRACT.]

1. *Abandonment of possession by purchaser.*—When a purchaser of land seeks a r scission of the contract in equity, on the ground of mistake, want of title, or defect of title, he is required first to abandon the possession of the land, unless its retention is necessary for his reimbursement or indemnity; but, where fraud is the ground of his application, a different rule prevails.

2. *Rents and profits.*—The right to the rents and profits of the land, during the purchaser's occupation, does not pass to an assignee of the notes given for the purchase-money ; nor can such assignee assert any right to them, when made a defendant to the purchaser's bill for rescission, except through the agency of a cross bill.

3. *Purchaser's counsel fees not deducted from rents and profits.*—The purchaser is not entitled to a deduction from the amount of rents and profits during his possession of the land, for his counsel fees in the suit for rescission ; but the allowance of such a deduction by the chancellor is not available on error to an assignee of the notes given for the purchase-money.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. WADE KEYES.

This bill was filed by Hiram B. Leverett, against Ransom Harrell, Francis Harrell and wife, Garner, Neville & Co., and Henry L. Reynolds; and sought, 1st, the rescission of a contract, by which complainant purchased certain lands from said Ransom Harrell ; and, 2d, an injunction of two judgments, obtained by said Garner, Neville & Co. and Reynolds, respectively, as assignees of the two notes given for the purchase-money. The ground on which a rescission of the contract was sought, was the two-fold fraud of said Ransom Harrell, the vendor, 1st, in representing to the complainant, who was a stranger in the county where the lands lay, that he had a perfect title to the said lands, free from all incumbrances, when there was a subsisting mortgage on them for a large amount, executed by the said Ransom ; and 2d, after complainant learned on inquiry from the probate judge that the legal title to said lands was not in said Ransom, but in his brother Francis Harrell, exhibiting and delivering to him a forged deed, purporting to be executed by said Francis Harrell and wife, and to convey the said lands to complainant. The contract was made in February, 1852; and the bill was filed on the 8th August, 1853. The purchase-money agreed to be paid was $1,000, for which complainant executed his two notes, for $500 each, payable on the 1st January, one in 1853, and the other in 1854. One of these notes was assigned by said Ransom Harrell to Garner, Neville & Co., who recovered a judgment against complainant before the filing of the bill; and the

other was assigned to said Reynolds. Myer & Rogers, the holders of the outstanding mortgage on the lands, having obtained a judgment on the notes which it was given to secure, filed their bill in equity, in June, 1853, for a foreclosure of the mortgage. Both the Harrells had left the State before the bill was filed, and were alleged to be insolvent. The complainant did not abandon the possession of the lands before filing his bill, because, as he alleged, he was unable to surrender them to his vendor, and thought it best to retain the possession for his own indemnity.

Decrees *pro confesso* were duly entered against Ransom Harrell and Francis Harrell and wife, on publication against them as non-residents. Separate answers were filed by Garner, Neville & Co. and Reynolds; insisting that they were purchasers of the complainant's notes for valuable consideration without notice, and that he was chargeable with constructive notice of the mortgage to Myer & Rogers, which had been regularly recorded. They insisted on proof of the material averments of the bill, of which they were personally ignorant; and Reynolds incorporated in his answer a demurrer to the bill for want of equity.

On final hearing, on the pleadings and proof, the chancellor decreed a rescission of the contract of sale, and a perpetual injunction of further proceedings at law on the notes for the purchase-money; and instructed the master, in stating the account between complainant and said Ransom Harrell, to " charge complainant with the use and occupation of the premises, and credit him with taxes paid by him on the land, and with the value of necessary and permanent improvements erected thereon by him during his possession under the contract, and with the costs of this suit, and with reasonable solicitors' fees for the prosecution of the same."

Garner, Neville & Co. and Reynolds appeal from this decree, and now assign it as error.

Dargan & Hall, and P. Hamilton, for appellant.

A. R. Manning, *contra.*

WALKER, J.—The vendor of the complainant perpetrated a most gross and flagitious fraud upon him. The fraud consisted in the representation that the title was good, when the vendor had incumbered it with a mortgage, to secure a debt equal to the value of the land; and in the delivery of a deed to the complainant as genuine, to which the vendor, without authority, subscribed the names of a third person and his wife, whom he represented to have the title. The vendor has left the State, and is insolvent, and the mortgage is not discharged. The bill for a rescission was filed within a reasonable time after a discovery of the fraud. Upon these facts, the complainant was entitled to a rescission, without an abandonment of possession.

If the want of title, or deficiency in the title, or a mistake, had been the ground of the application for a rescission, it would have been essential that the complainant should have first abandoned the possession, unless a retention had been necessary for his reimbursement or indemnity.—Young v. Harris, 2 Ala. 108; Elliott v. Boaz, 9 Ala. 772; Greenlee v. Gaines, 13 Ala. 198; Parks v. Brooks, 16 Ala. 529; Read v. Walker, 18 Ala. 323; Foster v. Gressett, 29 Ala. 393; Gallagher v. Witherington, 29 Ala. 420. Where fraud is the ground of the application, a different rule prevails. There an abandonment of possession is not necessary to the maintenance of a bill for rescission, as is held in Cullum v. Bank, 4 Ala. 37, § 10, and Read v. Walker, *supra;* see, also, Long & Long v. Brown, 4 Ala. 622. The distinction between fraud and other grounds for a rescission is, that fraud itself taints and vitiates the contract. Fraud alone is, in equity, sufficient to avoid it.

In a court of law, a restoration of the property, or an offer to restore it, would be necessary, before the contract could be treated as annulled. But a court of chancery, unlike a court of law, may require as a condition precedent to the rescission an abandonment of the land, and the payment for the use and occupation by the purchaser; and therefore does not adopt the same principle which prevails at law. Such is the flexibility of courts of equity,

in adapting their decrees to the actual condition of the parties, that its pervading excellence, in the language of Mr. Justice Story, is, "that it varies its adjustments and propositions so as to meet the very form and pressure of each particular case, in all its complex habitudes."—Coffin v. Newsom, 2 Kelly, 640. In this last cited case, the supreme court of Georgia, in an able opinion, maintain the proposition which we have asserted, both by argument and authorities, which seen to us altogether satisfactory.

[2.] The rents, for the period of the complainant's occupation, were due to the vendor, and not to the assignees of the notes given for the purchase-money. The latter had no lien on those rents, and the vendor's right to them did not pass with the assignment of the notes. They could only recovery those rents as creditors of the vendor, subjecting a demand due him to the payment of their claims. That object could only be accomplished through the agency of a cross bill. The assignees of the notes in this case, having filed no cross bill, asserting their rights as creditors of their co-defendant, and asking an appropriation of the sum due him to their benefit, had no right to any portion of the money ascertained to be due for the occupation of the land. It follows, that the chancellor, in ordering the payment to them of the value of the use and occupation of the land, less the counsel fees of the complainant, has rendered a decree more favorable to them than the law authorized.

[3.] The chancellor certainly erred, in permitting the complainant to retain the amount necessary to pay his solicitors out of the rents due his vendor; but this error was to the prejudice of the vendor, and not of the assignees of the notes, who alone appeal and assign error. Although the case would on this point be reversible upon an assignment of error by the complainant's vendor, it is not reversible upon the assignment of error by the assignees of the notes for the purchase-money.

There is no error in the record, prejudicial to the appellants. The decree of the court below is affirmed.