# Baptiste *v.* Peters.

*Bill in Equity by Purchaser for Rescission of Contract.*

1. *When equity will rescind contract at suit of purchaser.* — A court of equity will rescind a contract for the sale of land, at the suit of a purchaser who contracted for a good title, and who has abandoned the possession on discovering that his vendor had no title, although the proof shows only a mistake on the part of the vendor in his assertions of title without fraudulent misrepresentations; and although the purchaser might have a remedy by action at law for a deceit, or on his covenants of warranty.

2. *When laches not attributable to purchaser.* — Generally, when the proof as to the condition of the title is sufficient to acquit the vendor of intentional misrepresentations, it will also be sufficient to acquit the purchaser of laches in examining the title.

3. *Measure of relief to purchaser.* — When a contract is rescinded at the suit of the purchaser, he is entitled to recover the purchase-money which he has paid, with the value of improvements erected by him in good faith, taxes paid, and interest on these several sums.

Appeal from the Chancery Court at Mobile.

Heard before the Hon. Adam C. Felder.

The bill in this case was filed by Carshen Peters against Mrs. Eugenie Baptiste, and sought the rescission of a contract for a

[Baptiste v. Peters.]

city lot in Mobile, which had been sold and conveyed to the complainant by said defendant. The chancellor overruled a demurrer to the bill for want of equity, and held the complainant entitled to relief; and having ordered a reference to the register as master, to ascertain the amount of the purchase money paid, the value of the improvements erected on the lands by the complainant, the amount of taxes paid, and interest on these several sums, he rendered a money decree against the defendant in favor of the complainant for the aggregate of these several sums, after deducting the value of the rent while the complainant remained in possession of the land. From this decree the defendant now appeals, and assigns it as error.

GEO. N. STEWART, for the appellant. — 1. The bill proceeds on the ground of fraud, or fraudulent representations, while the proof shows only an honest mistake in a matter of opinion, which was within the complainant's means of information as well as the defendant's.

2. If the complainant has sustained any injury from the alleged defect of title, he has an ample remedy by an action at law for a deceit, if there was any, or on the covenants in his deed. He was put in possession under his contract, and his possession has never been disturbed.

3. In the matter of the title, the complainant himself was guilty of laches, and he cannot have relief against the consequences of his own negligence.

BOYLES & OVERALL, contra, cited Kerr on Fraud & Mistake, 56, 347, 350, 79, 112; Patten v. England, 15 Ala. 72; Cullum v. Br. Bank, 4 Ala. 34; Anderson v. Knox, 20 Ala. 156; Bryant v. Boothe, 30 Ala. 311; Munroe v. Pritchett, 16 Ala. 785; Lanier v. Hill, 25 Ala. 554; 30 N. Y. 672; Haddock v. Williams, 10 Vermont, 570; Sedgwick on Damages, 175–86.

B. F. SAFFOLD, J. — The appellant, through her agent, Leslie E. Brooks, sold to the appellee a lot of land in the city of Mobile, received payment of the purchase-money, and executed a deed to the purchaser warranting the title. The purchaser went into possession of the property, and made valuable improvements upon it. Afterwards, ascertaining that his vendor had no title to the land, but that the title was in her husband, who was dead at the time of the sale, he abandoned the possession, and brought this suit for a rescission of the contract. The defendant admitted the sale, and her want of title, but professed her belief at the time that the property was a part of her separate estate; and she insisted, by demurrer, that there was no

[Bell *v.* Lawrence's Administrator.]

intentional misrepresentation of her right to sell, and, consequently, that the complainant could have no other remedy than by action at law on her warranty of title, whenever his possession was disturbed, which had not as yet been the case. She made, however, no offer to perfect the purchaser's title, and it is apparent from the evidence that she could not do so.

In *Lanier* v. *Hill* (25 Ala. 554), the alleged fraudulent misrepresentation turned out to be only the honest mistake of the administrator with the will annexed, in supposing that he had authority under the will to sell the land. The *intent* was held to be immaterial, and relief was granted on proof of the mistake. To the same effect are *Bailey* v. *Jordan*, 32 Ala. 50; *Foster* v. *Gressett*, 29 Ala. 393; *Munroe* v. *Pritchett*, 16 Ala. 785; *Young* v. *Harris*, 2 Ala. 108. The jurisdiction of equity to rescind a contract, in such case, is not taken away because the purchaser may also have a remedy at law for deceit, or on his covenants of warranty. *Cullum* v. *Branch Bank*, 4 Ala. 21.

The complainant might, by the exercise of more than ordinary diligence, have ascertained the *status* of the title before his purchase, as he has done since. But the testimony shows that the defendant did have a separate estate in certain lots in the vicinity of the one sold to the complainant, and that there was a strong conviction of this being a part of it, not only on her part, but in the minds of her agent and the members of her family. Under these circumstances, she cannot complain that her vendee believed the representations made to him, and can claim no advantage, as against him, of a credulity in which she participated to a greater extent than he did. Generally, proof sufficient to establish innocence of intentional misrepresentation on the part of the vendor will acquit the purchaser of laches in not ascertaining the true condition of the title.

The court did not err in the measure of relief granted. *Bryant* v. *Boothe*, 30 Ala. 311; *Thompson* v. *Lee*, 31 Ala. 292.

The decree is affirmed.

