# Carlisle *et al. v.* Barker *et al.*

*Bill in Equity to enforce Vendor's Lien.*

*Executed bona fide compromise; when can not be disturbed by vendor.*—An executed compromise, (allowing a rebate of the purchase money), fairly entered into between vendor and vendee, in reference to a disputed boundary line of a tract of land alleged to have been misrepresented by the vendor, and the location of which both had equal opportunity of ascertaining, can not be disturbed by the vendor because it afterwards turns out that the boundary line was in fact located as represented by him, and the vendee in fact obtained all the tract, including the portion for which rebate was allowed.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. H. AUSTILL.

This bill was filed by appellants, the devisees of one A. B. McGuire, deceased, to enforce vendors' lien upon lands pur-

[Carlisle et al. v. Barker et al.]

·chased by appellee, Barker, for balance due, under the following circumstances: McGuire and wife sold a tract of land to Barker, and Barker executed his promissory note for part ·of the purchase money, said sale being made in August, 1867.  The bill alleges that said vendors had represented to Barker that the road in front of his house was the boundary line for some distance to the land sold him; that before said purchase money note was settled, a surveyor, one Bryant, had run the line, and represented that there was a mistake in the representations of McGuire as to said line, &c.; that sometime .afterwards, when demand was made upon Barker for the payment of said note, he claimed some reduction on account of said survey, &c.; and that said McGuire, believing that said survey was correct, and that vendors were mistaken about it when the land was sold, agreed upon a settlement, and did settle with Barker, allowing a reduction of several hundred ·dollars, and giving up to him his said note.  Since that settlement, the line was run by the county surveyor, and established where it was originally represented to be.  Testimony is conflicting as to the correct line and the damage .sustained by Barker.

The chancellor, in his final decree, dismissed the bill for want of equity, and his decree is now assigned as error.

W. D. WOOD and M. N. CARLISLE, for appellant.—1. Any representation made by one to another, upon which he acts to his detriment, amounts to a constructive fraud, and equity will relieve him; and it makes no difference whether or not the party knew it to be true or false.—25 Ala. 554, and cases there cited; Roberts v. Fisher, 3 American Rep. 680; 2 Story's Eq. Jurisprudence, §§ 140, 141, 155, 193, and n.

2.  Chancery will relieve, even in mutual mistake, where the rights of the defendant will not be materially affected by it.—James et al. v. The State Bank of Alabama, 17 Ala. 69.

JOHN D. GARDNER, contra.—The prevention of litigation is a valid and sufficient consideration, for the law favors the settlement of disputes, and no investigation into the character or value of the different claims submitted will be entered into for the purpose of setting aside a compromise, it being sufficient, if the parties entering into the compromise thought at the time that there was a question between them.—1. Parsons on Contracts, 438, 439, notes l. and m.  There is no ·charge of fraud or misrepresentation on the part of appellee. He only stated the fact, that surveyor had run the line and

[Carlisle et al. v. Barker et al.]

cut him off from the road, which is undisputed.　There was a great want of diligence on McGuire's part.

BRICKELL, C. J.—It is apparent that in the settlement the bill impeaches, each party had equal knowledge in reference to the only disputed fact, and equal opportunities for ascertaining their respective rights. · They were endeavoring in a liberal and just spirit, fairly to adjust their respective claims.　Whether Barker obtained by the settlement any concession to which he was not entitled, depends materially upon the fact, as yet unascertained, the true boundary line of the land he had purchased of McGuire and wife.　If he obtained more than he was in strict right entitled to, it was accorded to him freely and voluntarily.　There can be no compromises—no peaceable settlements of doubtful or disputed rights, if this settlement could be successfully impeached and overruled.　When the settlement was made, each party knew the right was with the one or the other.　The material fact, the real boundary line of the land, whether it was as represented by McGuire, when he made the sale to Barker, or as shown by the Bryant survey, was readily ascertainable by a survey, either party could have had made, and could have made if not conclusive, *prima facie* evidence against the other.　McGuire's knowledge in reference to this fact, if not superior, was equal to Barker's.　Waiving all further inquiry into, and discussion of this fact, they agree on terms of settlement, and it is fully executed.　If it was now ascertained beyond doubt that the representation made by McGuire was strictly true, and that Barker had obtained all to which the contract of purchase entitled him, the settlement could not in the absence of fraud or undue influence be set aside. It was valid and binding when made, not dependent on any future ascertainment of the fact about which there was dispute.　Whether the right was with the one or the other, it was waived.—1 Story's Eq. § 131.　This was the view of the chancellor, and his decree is affirmed.