# Porter *v.* Collins.

*Bill in Equity by Purchaser, for Rescission of Contract.*

1. *Misrepresentations of vendor, as ground for rescission of contract.*— Misrepresentations made by the vendor pending the negotiations between the parties, materially affecting the transaction, and of such character that the purchaser had a right to rely on them, whether made fraudulently or through ignorance or mistake, furnish just ground for a rescission of the contract at the suit of the purchaser; but the evidence in this case does not establish such misrepresentations.

2. *Variance; fraud, or mistake.*—When the bill seeks the rescission of a contract for the sale of land, on the ground of material misrepresentations by the vendor pending the negotiations, alleging that they were made either fraudulently or through honest mistake on his part, and the evidence shows only a mutual mistake of both parties, the variance is fatal.

3. *Mistake, as ground for rescission.*—A mutual mistake as to the location of the land, in which both parties participated, is not ground of rescission at the suit of the purchaser, when he had ample opportunity to ascertain its location, as described by government numbers in the vendor's deed, and was not misled by the vendor.


APPEAL from the Chancery Court of Colbert.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 28th August, 1888, by John C. Porter, against Patrick J. Collins; and sought the rescission of a contract, by which complainant bought from defendant one acre of a small tract of land, which was situated about four miles from the town of Sheffield, and which was described in the defendant's deed to the complainant as part of a ten-acre tract described by government numbers, and as being situated "at or near the town of Sheffield." On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is here assigned as error.

J. B. MOORE, for appellant, cited *Juzan v. Toulmin*, 9 Ala. 662; *Davis v. Betz*, 66 Ala. 206; *Bailey v. Jordan*, 32 Ala. 50; 23 Ala. 312, 690; 66 Ala. 590; 74 Ala. 90; 29 Ala. 393;

[Porter v. Collins.]

31 Ala. 292; *Lanier v. Hill*, 25 Ala. 554; 1 Story's Equity, § 193; 2 Pom. Eq., §§ 853–56; *Kyle v. Kavanaugh*, 103 Mass. 356; 4 Amer. Rep. 560.

KIRK & ALMON, *contra*, cited 1 Story's Equity, §§ 148–50; *Crown v. Carriger*, 66 Ala. 593; 1 Amer. & Eng. Encyc. Law, 892; 2 Devlin on Deeds, §§ 1016, 1038, 1041; *Lindsey v. Veasey*, 62 Ala. 421; 48 Iowa, 269; 91 Indiana, 91.

McCLELLAN, J.—This bill seeks the rescission of a sale of a one-acre lot of land, purchased by the complainant, John C. Porter, from Patrick J. Collins, the respondent, the refunding of the purchase-money paid therefor, and the cancellation of the deed executed by respondent and wife to the complainant. The right to this relief is based solely on alleged misrepresentations of Collins as to the location of the land, which misrepresentations are averred to have been made either fraudulently, or through ignorance or mistake, on the part of Collins. It is not of consequence whether the false representations were wilfully and fraudulently made, or were mistakenly made in good faith; in either case, if they were of material facts affecting and influencing the transaction, and were of such character that the complainant had a right to rely upon them as made, they would furnish just ground for the relief he now prays.—*Baptiste v. Peters*, 51 Ala. 158; *Lindsey v. Veasey*, 62 Ala. 421.

It is unnecessary to determine in this case, whether the alleged misrepresentations were of a character which, if they had in fact been made, would have entitled the complainant to a rescission of the sale. It would seem that the location of the land appearing, as the proof shows, from the public records of the county, due diligence would have imposed on complainant the duty of ascertaining the real fact in this regard from these records, in such sort as that he could not have the sale set aside on the ground that he was misled as to it by information derived from the respondent. Pretermitting that inquiry, however, the denial by the court below of the relief prayed may be fully justified on another ground. There is absolutely no evidence in this record that the respondent, or any agent of his, or person acting in his behalf, ever made any representations to the complainant, or to any person in his interest, as to the location of the lot in question. The averment is, that the respondent represented the land to be within a mile and a quarter of the town of Sheffield. The proof is clear and uncontroverted that no representation whatever was made by Collins, or for Collins, to Porter, directly or indirectly, as to the loca-

tion of the lot, prior to the complete comsummation of the sale. There is some evidence, that the respondent, after the purchase-money had been paid, the deed delivered, and the transactions thus fully closed, casually remarked to the complainant that he, Porter, was fortunate in securing the land, for he, Collins, understood it was within a mile and a quarter of Sheffield. The real facts, as disclosed in this record, are, that Collins had never seen the land, and did not know where it was located, and that one Cuthbertson, supposing he knew its location, and probably knowing that Collins did not, sought ought the latter, and, without desiring or receiving any information from him as to where the land was situated, purchased one acre of the tract for himself, another for the complainant, and yet another for a Mrs. Kennedy, a friend or relation of complainant. Collins never saw her at all. Neither did he ever see Porter in relation to this transaction, except for the purpose of receiving from him the purchase-money of the lot bought by him, and delivering to him Mrs. Kennedy's deed and his own, according to the arrangement made by Cuthbertson. Of course, there can be no doubt on the evidence found in this record, that Cuthbertson acted throughout this transaction as the agent of Porter. Their testimony, in terms, to the contrary, amounts to no more than a palpably erroneous conclusion of law on their part, directly in the teeth of the *facts* to which they depose. And so far from Collins having made any representation to Porter or Cuthbertson, to the effect alleged, we are satisfied from the evidence that whatever information the former had, at the time he met Porter, as to the proximity of the land to Sheffield, had been imparted to him by Cuthbertson. However this may be, there is an utter failure to prove any representations, true or false, by the respondent to the claimant, or to Cuthbertson as complainant's agent.

Counsel for appellant, in recognition of this failure of proof, seeks, in argument, to ground the relief prayed on the theory, that the parties to this sale committed such a *mistake* with reference to the location of the land that equity will relieve against it. A sufficient answer to this position is found in the absence of any averments in the bill which present a case for relief on the ground of mistake. The bill, as we have seen, claims a rescission solely on the ground of misrepresentations. Its only reference to any supposed mistake was in connection with and qualification of the allegations of misrepresentations. It avers that the transaction was induced by misrepresentations on the part of Collins, and that these were made either fraudulently or mistakenly. But it nowhere avers that the

[Ray v. Jackson.]

sale was a result of the mistake of the parties. Misrepresentation, either intentional or inadvertent, and not mistake, is made the *gravamen* of the bill; and upon misrepresentation, and not upon mistake, the case must turn. Relief can not be granted on facts developed in evidence but not alleged, any more than upon facts alleged and not proved.—*Lide v. Park*, *ante*, p. 246, and cases cited.

We are not to be understood, however, as intimating that such a mistake is shown in the proof in this record as would entitle the complainant to the relief sought, had the bill contained proper averments to that end. On the contrary, our opinion is, that a case for such relief is not made by the testimony. The precise location of the land was a fact as open to ascertainment by the complainant as respondent. Indeed, the opportunities of the former to this end—his means of information—appear to have been better than those of the latter. The respondent did not know, or pretend to know, where the land was situated. He owned certain land in the vicinity of Sheffield. He had a deed describing it by the government surveys. This land, thus described, he intended to convey, and did convey, to the complainant. There was no mistake whatever on his part. He can not be held responsible for complainant's mistake in supposing that the land thus described and conveyed was within a mile and a quarter of Sheffield, when in fact it was more than four miles away, to which mistake he in no manner conduced, but which, on the contrary, was the direct result of a lack of ordinary care on the part of the complainant. Equity will not relieve from such a mistake, however fully alleged and clearly proved. *Carlisle v. Baker*, 57 Ala. 267; *Turner v. Kelly*, 70 Ala. 85; *Juzan v. Toulmin*, 9 Ala. 662.

We discover no error in the record, and the decree of the chancellor is affirmed.