[Perry v. Boyd *et al.*]

# Perry *v.* Boyd, *et al.*

*Bill in equity by Purchaser for Rescission of Contract.*

1. *When equity will rescind contract at suit of purchaser.*—A court of equity will rescind a contract for the sale of land at the suit of the purchaser, upon the ground of misrepresentation and fraud by the vendor; and it is no objection to the maintenance of such bill that the purchaser might have had a remedy by action at law for a deceit or on his covenants of warranty contained in the deed.

2. *Same; measure of relief to purchaser.*—Where a contract is rescinded at the suit of a purchaser for fraudulent misrepresentations on the part of the vendor, the purchaser is entitled to recover the purchase money which he has paid, with the value of improvements erected by him on the land in good faith, taxes paid and interest on these several sums; and if it is not paid, the court of equity rescinding the contract will enforce the collection of the same without regard to the solvency of the vendor.

3. *Rescission of contract of sale by purchaser; not necessary to wait until enjoyment of right conveyed actually disturbed before filing bill.*—Where a party has been induced to purchase land by misrepresentations and fraud on the part of the vendor, the purchaser can maintain a bill for the rescission of the contract of sale, without waiting until the enjoyment of the rights conveyed are actually disturbed or interfered with.

4. *Same; purchaser under no obligation to perfect title.*—Where the purchaser of lands ascertains, after the execution of the deed, that the vendor had no title to said lands and no right to convey, such purchaser is under no obligation or duty, legal or equitable, to the vendor, to make such title good; such duty resting upon the vendor.

5. *Same; offer of restoration not necessary to right of rescission.* It is not necessary to the maintenance of a bill in equity, for the rescission of a contract of sale on the ground of fraud, that the party complaining should have first restored or offered to restore what he received under the contract; and where

such bill is filed by the purchaser of land to rescind a contract of sale after the execution of the deed, it is not pre-requisite to the maintenance of the bill that he should tender to the vendor a deed reconveying to him the property.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. WM. H. SIMPSON.

The appellees filed a bill in the chancery court of Lauderdale county, Alabama, against the appellant, praying for the rescission of a certain contract wherein the defendant had sold to the complainants a certain water power.

The bill, as amended, alleges that on the 17th day of April, 1899, complainants purchased of the defendant certain lands, water rights and water privileges, easements and rights of way on Cypress Creek, in Lauderdale county, Alabama, describing the same particularly, including the right to construct or excavate a tunnel through or under any of the lands owned by defendant, from any point on said creek to any other point on said creek, and to divert the waters of said creek through said tunnel; that defendant represented unto complainants that he had a good title to all of said property, and a good and lawful right to convey the same; and that, as an inducement for making said purchase, defendant represented that he owned all the water rights and privileges on said creek for a distance of about five miles, together with the right to tunnel through a certain hill, and to divert the waters of said stream through such tunnel. The bill further alleges that complainaints, in good faith, relying upon said statements and representations made by defendant, paid the defendant $7,000, and executed to him their two notes, each for the sum of $4,000, due and payable in three and six years from date, respectively, and bearing interest at the rate of 8 per cent. from April 17th, 1899, and executed a mortgage to secure the said deferred payments, and also agreed to furnish defendant with one hundred horse power. A copy of the deed from defendant to complainants is attached to the bill, and contains the following warranty: "And the said F. M. Perry agrees

to warrant and defend the title to the land and to the water rights and privileges hereby conveyed to the parties of the second part against the claims of all persons."

It is further averred that complainants purchased said property for the purpose of erecting a power plant, from which to furnish electric lights, and also power to manufacturing concerns, and also for propelling such machinery as complainants might desire to erect; that defendant was fully apprised of the purpose for which complainants were purchasing said property; that defendant represented to complainants the advantages of tunnelling through the hill and diverting the waters of said stream through said tunnel, thereby securing the advantage of the power of the water to be obtained by the difference in level of the creek at the points of ingress and egress of said tunnel.

It is then averred that complainants, fully relying upon the representations of defendant that he owned the water rights and privileges of said stream, together with the right to tunnel said hill and divert the waters of said stream through said tunnel, and to convey the same to appellees, proceeded at once to the erection of a dam across said creek, and other improvements upon said property; and have expended in such permanent improvements the sum of $7,000; that on or about the 19th day of August, 1899, after having in good faith made such expenditures, complainants discovered that the defendant never owned the right to divert the water of said stream through said tunnels; and that this right to so divert the waters of said stream constituted a material portion of the property so purchased from defendant, and a material inducement for complainants to enter into said purchase.

It is further averred that as soon as complainants discovered that defendants never owned the right to divert the waters of said stream through said proposed tunnel they so notified defendant, and demanded, either that he procure said right for them, or return to complainants the amount of the purchase money which they had already paid to him, with the interest thereon,

and surrender and cancel the notes and mortgage for the deferred payments on said property, and pay complainants for the permanent improvements erected by them on said property; that the defendant wholly refused either to procure said right or to rescind said contract, and that before the filing of their bill of complaint complainants abandoned possession of said property and notified defendant that they had given up the property.

The bill further alleges that in, order to make use of the property for the purposes for which complainants undertook to acquire the same from defendant, it would be necessary for them to expend very large sums of money, to-wit, more than the sum of $25,000, in tunneling from one point on said creek to another, and in erecting and installing said power plant, and arranging for its operation; and that the property undertaken to be sold to the complainants could not be profitably used by them for the purposes for which they undertook to purchase it without such large outlay of capital, and that complainants' remedies at law on the warranties in the deed would be wholly inadequate to cover the damages they would sustain by the failure of title to the property, and that such damage would not be susceptible of accurate ascertainment at law.

It was then averred that complainants are willing to reconvey to defendant all such title to said property as he conveyed to them.

To this bill the defendant demurred upon the following grounds: "1st. That the bill shows that the complainant has a plain, adequate and complete remedy at law; 2d, that the bill shows that the complainants have a plain, adequate and complete remedy at law on the covenants of warranty made by the defendant; 3d, that the bill shows that the defendant, in the deed set out in the bill, and sought to be rescinded, warranted the title to all the lands, easements, rights and privileges by the deed conveyed and granted, and it is not alleged or shown that the defendant is insolvent, or that he is not able to respond in damages for the breach of said covenants of warranty; 4th, that it is not al-

leged or shown that the covenants of warranty in defendant's deed of conveyance set out in the bill have been broken; 5th, that it is not alleged or shown that the complainants have been restrained, hindered or in any way interfered with in the enjoyment of all the rights of property and privileges conveyed by the defendant's deed, set out in the bill; 6th, that the bill shows that complainants owe the defendant $8,000 on the purchase money of the property in the deed exhibited to the bill described, and it is not alleged or shown that said sum is not amply sufficient to pay off and discharge the claims of all persons who might complain of or in any way interfere with complainants in the enjoyment of all the rights of property and privileges by said deed, exhibited to the bill conveyed; 7th, that the bill alleges that complainants' remedies at law on the warranties in the deed would be wholly inadequate to cover the damages they would sustain by the failure of the title to the property, and that such damages would not be susceptible of accurate ascertainment at law; but the bill does not set forth or show by allegations of fact wherein the remedy at law is inadequate for the ascertainment of the damages at law could not be accurate; 8th, that the bill does not allege or show that complainants at the time they demanded of defendant a rescission of the contract of purchase of the property and privileges by his deed of April 17th, 1899, conveyed to them, that they offered to convey back to defendant all the property, rights and privileges which they took and held under said deed."

Upon the submission of the cause upon this demurrer the court rendered a decree overruling it. From this decree the defendant appeals, and assigns the rendition thereof as error.

SIMPSON & JONES and JOHN B. WEAKLEY, for appellant.—It seems to be a fundamental principle of law that where a contract is sought to be rescinded by one of the parties thereto, he must place the other party *in statu quo.*—21 Am. and Eng. Enc. (1st ed.) page 84,

[Perry v. Boyd et al.]

and the many authorities there cited.    There seems never to have been a question that where a party sought a rescission of contract of sale of personal property, he must, as condition precedent to recovery, return or offer to return, whatever he had received in exchange for such personal property; or show some valid excuse therefor.—See authorities cited in 21 Am. & En. Encyc. *supra.—Jones v. Anderson*, 82 Ala. 302; *Evans v. Gale*, 43 Am. Decisions, 614.

R. W. WALKER and JOHN T. ASHCRAFT, *contra.*— When a material fact is misrepresented, and the other party believes and acts upon it, a court of equity should rescind the contract; and when a purchaser is entitled to a rescission of the contract by reason of material misrepresentations of the seller upon which the purchaser relied, the purchase money, if paid, must be refunded; if not paid, its collection will be enjoined without regard to the solvency of the vendor.—*Lanier et al. v. Hill et al.*, 25 Ala. 554; *Baptiste v. Peters*, 51 Ala. 158; *Kelly v. Allen*, 34 Ala. 663.

An action at law on account of the covenants of warranty woud be wholly inadequate.    The measure of damages in such action by the vendee is the value of the land at the time of the breach, with interest thereon to the time of trial.—*Snodgrass v. Reynolds*, 79 Ala. 452; *Hamaker v. Coons*, 117 Ala. 611; *Ulbricht v. Water Co.*, 86 Ala. 591.

Where fraud is the ground for application for the rescission of the contract, not even abandonment is necessary to the maintenance of the bill; and a false representation of a material, substantial fact, made by the vendor in regard to his title of land, and by which the purchaser was misled, constitutes a fraud upon the purchaser, and it is not even material that the vendor made the representation, believing it to be true.— *Garner, Neville & Co. v. Leverett*, 32 Ala. 410; *Baily v. Jordan*, 32 Ala. 50; *Meeks v. Garner*, 93 Ala. 17; *Younge v. Harris' Adm. et al.*, 2 Ala. 108; *Prout v. Roberts' Adm.*, 32 Ala. 427; *Lindsey v. Veasy et al.*, 62 Ala. 421; *Foster v. Gressett's Heirs*, 29 Ala. 393.

DOWDELL, J.—The bill in this case is filed for the rescission of a contract on the ground of fraud. The bill was demurred to by the respondent, and the present appeal is taken from the decree of the chancellor overruling the demurrer.

It is no objection to the equity of a bill to rescind a contract on the ground of misrepresentations and fraud by the vendor, that the vendee may sue at law upon the covenants of warranty contained in the deed. *Cullom v. Branch Bank,* 4 Ala. 21; *Baptiste v. Peters,* 51 Ala. 158.

When a material fact is misrepresented, and the other party relies and acts upon it, a court of equity will, at the suit of the latter, rescind the contract; and when a purchaser is entitled to a rescission of the contract by reason of material misrepresentations of the seller, upon which the purchaser relied, the purchase money, if paid, must be refunded, and if not paid, its collection will be enjoined without regard to the solvency of the vendor.—*Lanier et al. v. Hill et al.,* 25 Ala. 554; *Kelly's Heirs v. Allen,* 34 Ala. 663; *Baptiste v. Peters, supra.*

Where a party has been induced to enter into a contract by the misrepresentations of the other contracting party as to any matter affecting the enjoyment of the rights intended to be conferred by the contract, the party thus wronged or defrauded need not wait until the enjoyment of the rights conveyed be actually disturbed or interfered with, before filing his bill for a rescission of the contract.

What we have said disposes of the first five grounds of the demurrer.

The sixth ground is equally without merit. It is the duty of the vendor and not of the purchaser to make the title good.—*Frix v. Miller et al.,* 115 Ala. 476.

The seventh ground of demurrer is not insisted upon by counsel.

The eighth and last ground is urged by counsel as being fatal to the bill. The point made is that the de-

mand made by complainants for a rescission of the contract was not accompanied with an offer to convey back to the respondent all the property, rights and privileges, which they took under their deed from the respondent. In the first place the bill avers that upon a demand made by the complainants for a rescission of the contract, the defendant refused to rescind. This refusal by the defendants to rescind dispensed with the necessity of a formal offer to reconvey, if such was a prerequisite to the filing of the bill in order to give it equity. The bill contains an offer "to reconvey to the respondent all such title to said property as he has conveyed to them," and as amended, avers that before the filing of the bill, complainants abandoned the possession of the said property, and notified the defendant that they had given up the same.

No authority has been cited by counsel where in a bill for the rescission of a contract on the ground of fraud, that a tender of a deed reconveying the property was necessary to give equity to the bill. The weight of authority seems to be in such a case that a restoration of possession of the property, or abandonment of the same, is not essentially a prerequisite to the filing of the bill. It is true that the principle laid down in *Martin v. Martin*, 35 Ala. 560, was questioned in *Eureka Co. v. Edwards*, 71 Ala. 248, as not being sustained by the authorities there cited. But we find upon an examination of the authorities cited in that case, that the principle stated is supported, and we adhere to the decision in *Martin v. Martin.*—See *Garner, Neville & Co. v. Leverett,* 32 Ala. 410; *Bailey v. Jordan,* 32 Ala. 50; *Prout v. Roberts, Ib.,* 427; *Mecks v. Garner,* 93 Ala. 17; *Foster v. Gressett's Heirs,* 29 Ala. 393; *Younge v. Harris' Admr.,* 2 Ala. 108.

There was no error in overruling the demurrer, and the decree of the chancellor is affirmed.