# Shahan *v.* Brown.

*Bill for Rescission of Deed*

(Decided May 13, 1910. 52 South. 737.)

1. *Vendor and Purchaser; Contract; Misrepresentation.*—Where the misrepresentation by the vendor was of a material fact which influenced the transaction, it was of no consequence that it was made in good faith in an action to rescind the sale because of such misrepresentation.

[Shahan v. Brown.]

2. *Same; Fraud; Rescission; Solvency of Vendor.*—Where the bill charges misrepresentation of a material and controlling fact, the solvency or insolvency of the vendor is of no consequence as affecting the vendee's right of rescission.

3. *Same; Rescission; Fraud.*—In equity fraud alone is sufficient to avoid a sale of land.

4. *Same; Rescission; Evidence.*—The evidence in this case examined and held sufficient to sustain the decree of the court rescinding the sale of land.

5. *Fraud; Misrepresentation; Right to Rely On.*—Where statements of facts which could be assumed to be within the knowledge of the person making them are made, the person to whom made has a right to rely upon them, and, in the absence of knowledge of his own which would arouse suspicion, he is not bound to make inquiries or examine for himself.

6. *Same; Assertion of Facts.*—A party asserting facts cannot complain that the other took him at his word.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by J. R. Brown against W. P. Shahan to rescind sale of land on account of misrepresentation. Decree for complainant and respondent appeals. Affirmed.

CULLI & MARTIN, for appellant. The demurrers to the bill should have been sustained. 1st, because the purchaser was put in possession. 2nd, he accepted a warranty deed and concedes that the vendor has a good title. 3rd, does not aver fraud or misrepresentation on the part of the appellant; and, 4th, it is not averred that appellant is insolvent.—*Fields v. Clayton*, 117 Ala. 540; *Burkett v. Mumford*, 70 Ala. 423; *Meeks v. Graner*, 93 Ala. 17; *Parker v. Parker*, 93 Ala. 80; *Bell v. Lawrence*, 51 Ala. 162; 2 Dev. on Deeds, sec. 1010; 3 Sedg. on Dam. 979; *Piedmont L. I. Co. v. Piedmont F. & M. Co.*, 96 Ala. 396; *Lett v. Brown*, 66 Ala. 550; *Kelly v. Allen*, 34 Ala. 663.

GOODHUE & BLACKWOOD, for appellee. The case made by the bill and proof was sufficient and the decree of the chancellor should be affirmed.—*Perry v. Boyd*, 126

Ala. 162; *Lenier v. Hill,* 25 Ala. 554; *Baptist v. Peters,* 51 Ala. 158; *Kelly v. Allen,* 34 Ala. 663; *Thompson v. Lee,* 31 Ala. 292; *Porter v. Collins,* 90 Ala. 510; *Monroe v. Pritchett,* 16 Ala. 785; *Foster v. Kennedy,* 38 Ala. 351.

SAYRE, J.—The city court of Gadsden, sitting in equity, on the prayer of Brown, decreed the rescission of a deed which Shahan had made to complainant. The deed had been executed and delivered on May 15, 1907, conveying a parcel of land which was described as follows, and not otherwise: "Lot two and lot three, block 542, up to the line of the T. & C. Railroad according to the map of the Attalla Iron & Steel Company in Etowah County, Alabama." It is agreed that the map referred to was not on record at the time. This, however, is not considered to be of special importance. The averment of the bill is that at and prior to the time of the purchase Shahan, the defendant, pointed out to complainant the boundaries of the lots, and represented that they extended up to the edge of the cross-ties of the Tennessee & Coosa Railroad; that complainant entered into the contract of purchase in reliance upon that representation; and that the fact was that the Anniston & Cincinnati Railroad Company owned a strip of land 25 feet wide lying between the edge of the cross-ties of the Tennessee & Coosa Railroad and the lots sold by defendant to complainant. The substance of the demurrer filed to the bill was twofold: (1) That the representation was not alleged to have been made with intent to deceive. But the representation was of a material fact which affected and influenced the transaction. This being so, it was of no consequence that, as for aught appearing in the bill, it may have been mistakenly made in good faith. The equity of the bill, as

[Shahan v. Brown.]

against this objection, is abundantly supported by the decisions of this court.—*Perry v. Boyd,* 126 Ala. 162, 28 South. 711, 85 Am. St. Rep. 17; *Porter v. Collins,* 90 Ala. 510, 8 South. 80; *Linidsey v. Veasy,* 62 Ala. 421; *Baptiste v. Peters,* 51 Ala. 158; *Lanier v. Hill,* 25 Ala. 554; *Munroe v. Pritchett,* 16 Ala. 785, 50 Am. Dec. 203; *Juzan v. Toulmin,* 9 Ala. 662, 44 Am. Dec. 448. (2) That complainant was negligent in relying upon the misrepresentations and ought not to be protected against the consequences of his own folly, *Porter v. Collins,* 90 Ala. 510, 8 South. 80, is cited here. In that case there had been a sale of a small parcel of land which was described in the deed as part of a 10-acre tract, which was described by government numbers, and as being "at or near the town of Sheffield." The claim of relief was based solely on alleged misrepresentations of the grantor as to the location of the land. It was said in the course of the opinion: "It would seem that the location of the land appearing, as the proof shows, from the public records of the county, due diligence would have imposed on complainant the duty of ascertaining the real fact in this regard from these records, in such sort as that he could not have the sale set aside on the ground that he was misrepresented as to it by information derived from the respondent." A decision to that effect was, however, expressly pretermitted, and the case was disposed of on the fact that there was absolutely no evidence in the record of any misrepresentation as to the location of the land. In *Younge v. Harris,* 2 Ala. 108, the court used this language: "Where one by the fraudulent silence, or fraudulent representations of another, in relation to material facts concerning the title of the land, the falsehood of which he had not the means of ascertaining, and could not have ascertained by reasonable diligence, is induced to invest his money

in the purchase of land, or has made on the faith of such purchase, valuable and lasting improvements, he can have relief in chancery before an eviction, and without abandonment of the possession." This language, with the omission of so much as relates to fraudulent silence —omitted no doubt because the cases called for no application of the principle—has been quoted in *Meeks v. Garner,* 93 Ala. 17, 8 South. 378, 11 L. R. A. 196; *Coleman v. National Bank of Decatur,* 115 Ala. 307, 22 South. 84; *Rarden v. Badham,* 142 Ala. 500, 38 South. 1029. The principle of *Younge v. Harris* has been repeatedly followed. But it has never been held that, in the absence of knowledge to the contrary or of circumstances calculated to arouse suspicion, a vendee may not rely upon the positive and material statements of the vendor. On the contrary, in a number of the cases heretofore cited it was assumed that he might so rely. And in *Crown v. Carriger,* 66 Ala. 590, it was said, in substance, that a purchaser who does not know their falsity may rely upon the truth of his vendor's material representations unless they relate to matters patent and open to inspection, or to facts equally open to the inquiries of both parties, and in regard to which neither could be presumed to trust the other. And in *Younge v. Harris* it was held that a purchaser was not to be censured for relying on the representations of the vendor, when no circumstance had transpired which should have aroused his suspicions, although the records of the land office afforded proof that the representations were false. And in *Munroe v. Pritchett, supra,* the facts of which render it peculiarly apt, it was said: "The seller, who owns the land, and who proposes to sell it, must be presumed to know more about the lines and what land is embraced within the tract than the buyer. In this case, whether he did or did not, he assumed to

know the fact that certain good land, which formed an inducement to the purchase, was included, and he asserted this as a fact, upon which the purchaser relied and might well rely in concluding the bargain." And, generally, where statements are made of facts, especially where they concern matters which may be assumed to be within the knowledge of the party making them, the party to whom they are made has a right to rely upon them. In the absence of knowledge of his own which would arouse suspicion, he is not bound to make inquiries or examine for himself. A party asserting facts cannot complain that the other took him at his word. "Positive representation of a fact cannot be counteracted by the implication that the party might have ascertained to the contrary; under such circumstances he need not institute an independent investigation."—*McDonald v. Pearson,* 114 Ala. 638, 21 South. 534. We conclude that the bill was not subject to the demurrer interposed.

The authority of those cases, cited by appellant, in which the insolvency of the vendor was held to be essential to relief, does not reach the case in hand. Misrepresentation of a material and controlling fact being charged, the solvency of the vendor is of no consequence as affecting the vendee's right of cancellation upon restoration of the status quo ante. The distinction between the ground of relief here urged and other grounds for rescission is that misrepresentation, amounting to constructive fraud, itself taints and vitiates the contract. Fraud alone is, in equity, sufficient to avoid it. —*Garner v. Leverett,* 32 Ala. 410.

We think, also, that the chancellor is to be sustained in his conclusion on the facts. Evidently the property was considered valuable because it was supposed to be contiguous to the Tennessee & Coosa Railroad. which would afford shipping facilities for the milling business

which complainant proposed to establish there. It is shown without contradiction that the Anniston & Cincinnati Railroad Company, owned an intervening strip of 25 feet, though there was nothing upon the strip to indicate its ownership at the time of the sale. These and other facts fairly beyond dispute render it improbable that complainant would have assumed to pay the stipulated purchase price had he known the true boundaries. Complainant and defendant went to inspect the lots on two occasions, and the testimony of both of them makes it clear that the purpose of the inspection was to ascertain and locate the property lines. The defendant contends that notwithstanding this precaution the complainant bought the lots without assurance as to the location of their boundary lines. Indeed, his contention goes to this extent: That complainant bought the lots notwithstanding defendant's assurance that he did not know their area and boundaries. Complainant, on the other hand, testifies that the defendant made the representation charged in the bill. There is no theory upon which the testimony of the parties as to what passed between them on the occasion can be reconciled. There was, however, the testimony of two witnesses, Stowers and Ventress, to the effect that on other occasions, one an occasion where defendant was negotiating for a sale of the lots to a person other than the complainant, defendant had asserted that his ownership extended up to the line of the railroad. Each party refers to the testimony of these witnesses as corroborative of his version of the facts; defendant referring to it as going to show his belief at the time of the transaction in question that his lots did extend up to the line of the railroad, and so his good faith; complainant referring to it as lending probability to his testimony that defendant did make the representation alleged. But this testimony does

not aid the defendant's case. His contention just here
is out of harmony with his theory of the facts, while,
so far as concerns the law, his belief that his lots ex-
tended up to the line of the railroad was, as we have
seen, immaterial. Considering the inherent probabili-
ties of the case in connection with the testimony of the
complainant and the corroborative circumstances shown
by his witnesses, we have concluded that the decree of
the court below should be affirmed.

Affirmed.

SIMPSON, ANDERSON, and McCLELLAN, JJ., concur.