(95 South. 1)

## BULLARD SHOALS MINING CO. v. SPENCER. (6 Div. 604.)

(Supreme Court of Alabama. Nov. 23, 1922. Rehearing Denied Jan. 25, 1923.)

**1. Cancellation of instruments ⬅14—Equity will rescind deed and compel repayment of purchase money for fraudulent representations.**

Equity will take jurisdiction of a complaint to rescind a contract, cancel a deed, and order repayment of the purchase money with interest, on the ground that complainant was induced to make the purchase by false and fraudulent representations, made by defendant through his agent, and upon which he relied, that there was a chert pit upon the land conveyed, and that it contained chert deposits, the remedy at law being inadequate.

**2. Equity ⬅46—Inadequacy of the remedy at law is the foundation of equity.**

The jurisdiction of equity must rest upon the broad foundation of the inadequacy of the remedy at law.

**3. Equity ⬅46—Where complete remedy at law affords unequal justice, equity assumes jurisdiction.**

Where the successful termination of the remedy at law would result in unequal justice, equity will assume jurisdiction.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by T. H. Spencer against the Bullard Shoals Mining Company. Decree for complainant, and respondent appeals. Affirmed.

The bill is by appellee against appellant for the cancellation of a deed, executed to complainant by respondent, to a certain 40 acres of land situated in Jefferson county, upon the ground of fraudulent representations alleged to have been made by the vendor (respondent) to the complainant at the time of the sale, and seeking compensation by way of recovery of the purchase money paid therefor.

The bill, in substance, shows complainant was engaged in mining and selling chert in Jefferson county on and some time prior to June 30, 1913, and, desiring to enlarge his operations and purchase additional lands for

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that purpose, undertook to buy from respondent company a 40-acre tract which the company, through its agent, represented to him had on it deposits of chert with an open pit from which said chert had been mined, which land was located near Bullard Shoals in said county; that respondent owned several 40-acre tracts in that vicinity; and further that complainant discovered there was a chert pit which he thought was located upon the land of the respondent, and which was represented by respondent's agent as being located upon its land in the southeast quarter of the southwest quarter of section 12, township 18, range 5 west; and wholly relying upon such representations, complainant purchased the above-described 40 acres for the sum of $2,000, which has been paid, and respondent executed a deed to the complainant conveying said 40 acres of land; that complainant had no knowledge himself as to the description of the land upon which the chert pit was located, but relied, in good faith, upon the representations made to him through respondent's agent, who distinctly represented that said chert pit was located upon said 40 acres. The bill then charges that the representations were untrue, as has been since discovered, and there is no chert whatever upon the land, and by reason of said representation he (complainant) has suffered loss and damage; that as soon as complainant discovered the falsity of these representations he demanded the rescission of the trade and a return to him of the money so paid for said land, offering at the same time to reconvey said property to the respondent company, which respondent refused to do.

The specific prayer of the bill is that the court decree an annulment and rescission and declare the conveyance executed by respondent to complainant on June 30, 1913, null and void, and that respondent be ordered to pay complainant the purchase money with interest thereon, and, in default of payment, that decree be rendered for such amount, together with general prayer for relief. A copy of the deed is made an exhibit to the bill, and is in the usual form of warranty deeds. In the description is the following:

"The southeast quarter of the southwest quarter (S. E. ¼ of S. W. ¼) of section twelve (12), township nineteen (19) south, range five (5) west, being the forty (40) acres of land upon which the chert pit is located at Bullard Shoals, situated in Jefferson county, Alabama."

There was demurrer to the bill for want of equity, upon the ground complainant has a plain and adequate remedy at law. The demurrer was overruled, and this is assigned as error. The respondent then answered the bill denying any fraudulent representations, but insisted that complainant made an investigation of the land, and if any mistake was made the fault was his, and that the agent of respondent made no statement that the chert pit was located upon this land, but expressly advised complainant that it was not; that the deed was prepared by complainant, and the insertion in the conveyance concerning the chert pit was placed in said deed entirely independent of respondent and at complainant's instance, and before the deed was executed complainant was fully advised by respondent that the chert pit was not on said land, and the deed was accepted with that understanding.

The evidence was without dispute that the chert pit, referred to in the pleadings and evidence, was upon the land of the Tennessee Coal & Iron Company, and near to the land of respondent. The evidence was in conflict as to whether or not the 40 acres here involved contained chert, and proof for the respondent tends to show the land was worth the amount paid, while complainant's insistence is it was of little value for the purposes for which he purchased. Upon the question of representations the evidence is in irreconcilable conflict. It appears without dispute that, pending negotiations for the purchase of this land, the complainant tendered to the respondent's agent a receipt for $500, cash payment on the purchase money, which was signed by the agent, and was offered in evidence, which receipt is in the following language:

"Birmingham, Ala. June 12, 1913.

"Received of T. H. Spencer five hundred dollars, being part of purchase money on 40 acres of land S. E. ¼ of S. W. ¼ of section 12, town. 19, range 5 west, situated in Jefferson county, Ala., near Bullard Shoals, and upon which is located a chert pit, balance $1,500.00 to be paid when a good and warranty deed, with abstract is furnished, which I agree to furnish. The 40 acres I am buying is the 40 upon which the chert pit is located and should the description not cover the proper 40 acres, I agree to make the deed so as to cover the right 40 acres. All subject to approval of F. B. Nichols, Prest. of Bullard Shoals Mining Co.
"J. M. Dudley."

The testimony was taken by deposition. Upon submission of the cause for final decree upon pleadings and proof, the court below granted the relief, and from this decree the complainant has prosecuted this appeal.

Huey & Welch, of Bessemer, for appellant.

Where a contract for the sale of land is executed, and where the execution of the contract was procured by fraud, the only remedy left open to the purchaser, when the seller is solvent, is an action at law for recovery of the purchase price and interest, or an action in deceit for damages. 116 Ala. 278, 22 South. 514; 93 Ala. 80, 9 South. 426; 9 C. J. 1172; 167 Ala. 593, 52 South. 887; 66 Ala. 64. Fraud itself is never a distinctive ground of equity jurisprudence; it is never

of itself a foundation which will uphold a bill in equity. No matter how gross the fraud, if the party can have full and adequate remedy at law, he cannot go into a court of equity. 116 Ala. 278, 22 South. 514; 90 Ala. 150, 7 South. 467; 2 Stew. 520; 54 Ala. 486; 44 Ala. 551.

A. C. & H. R. Howze, of Birmingham, for appellee.

A material false statement, relied upon by the other party to the contract of sale, in ignorance of its falsity, which influenced him to enter into the contract, constitutes a fraud, which will authorize a rescission of the contract. 176 Ala. 248, 57 South. 757; 119 Ala. 424, 24 South. 421; 124 Ala. 127, 26 South. 922; 126 Ala. 162, 28 South. 711, 85 Am. St. Rep. 17; Code 1907, § 4298; 59 Ala. 648; 66 Ala. 206; 167 Ala. 534, 52 South. 737. The right to rescission on account of fraud does not depend upon the insolvency of the other party, nor upon the inadequacy of an action at law for damages. 29 Ala. 393; 167 Ala. 534, 52 South. 737; 99 Ala. 558, 14 South. 468. The cases cited by appellant are inapt, in that none of them had as their prime object the cancellation or rescission of instruments for misrepresentations, the same affording an independent ground for equitable relief.

GARDNER, J. [1] The complainant to this bill (appellee here) was the purchaser of a certain 40 acres of land from the respondent, for which a deed was duly executed and delivered, and the purchase money paid; and complainant files this bill seeking a rescission of the contract and cancellation of the deed executed to him, as well as repayment of the purchase money with interest thereon, upon the ground that he was induced to make the purchase by false and fraudulent representations made by respondent through its agent, and upon which he relied, that there was a chert pit open upon said land, and that the same contained chert deposits. The equity of a bill of this character is well established by our decisions as well as by the general current of authority. Shahan v. Brown, 167 Ala. 534, 52 South. 737; Foster v. Gressett, 29 Ala. 393; Baptiste v. Peters, 51 Ala. 158; Cullum v. Branch Bank, 4 Ala. 21, 37 Am. Dec. 725; Perry v. Boyd, 126 Ala. 162, 28 South. 711, 85 Am. St. Rep. 17; Merritt v. Ehrman, 116 Ala. 278, 22 South. 514; 9 C. J. pp. 1170–1173; note Johnson v. Swanke, 128 Wis. 68, 107 N. W. 481, 5 L. R. A. (N. S.) 1049 et seq., 8 Ann. Cas. 544; Woodman v. Freeman, 25 Me. 531; Sherwood v. Salmon, 5 Day (Conn.) 439, 5 Am. Dec. 167.

[2] It is insisted by counsel for appellant in a very forcible argument that the bill in the instant case does not come within the influence of the foregoing authorities, for the reason that here complainant seeks only the cancellation of a deed made to himself and the restoration of the purchase money; that his bill discloses he has offered to the respondent a rescission and a demand for the return of the purchase money, and that his right of action to recover the same in a court of law is full and complete, there being no averment of insolvency, and that he should be required to resort thereto. This argument has been given due consideration. We recognize courts of equity do not take jurisdiction merely for the purpose of declaring a rescission (Hafer v. Cole, 176 Ala. 242, 57 South. 757), and that in this state it is now settled that fraud alone is not a distinctive ground of equitable jurisprudence (Smith v. Cockrell, 66 Ala. 64; Gewin v. Shields, 167 Ala. 593, 52 South. 887; Merritt v. Ehrman, supra). The jurisdiction must rest upon the broad ground—the foundation stone of equity jurisprudence—of inadequacy of the remedy at law. 9 C. J. 1172; Hafer v. Cole, supra; Merritt v. Ehrman, supra.

[3] In the instant case an action at law by the complainant prosecuted to a successful termination would still leave the legal title vested in him, which he must hold in trust for the respondent. The ends of the law will not be met unless the litigation results in equal justice to all concerned. Courts of equity delight to do justice and not in halves.

We have been unable to find where this precise question appears to be distinctly treated by any of our cases, but the exact situation seems to be presented in an old case from the Supreme Court of Connecticut in Sherwood v. Salmon, 5 Day (Conn.) 439, 5 Am. Dec. 167, where the court speaking to this question said:

"The next question is whether it is competent for a court of equity to give relief. Where a court of law can furnish adequate and complete relief, equity cannot interfere; but where this cannot be done at law, it is the proper province of equity to grant redress. The relief prayed for in this case is, that the contract should be rescinded, that the petitioner should reconvey the land, and the respondent refund the purchase money. This would place the parties in their former condition, and would do complete justice, for it would not be right that the petitioner should recover the purchase money and retain the land; and it would be difficult to find a proper measure of damages, if the land be not reconveyed. This, then, is a case proper for the peculiar jurisdiction of a court of chancery, to set aside the contract, and place the parties in their former condition."

We find ourselves in accord with the logic of the foregoing quotation, and we therefore conclude that the case presents one for equity jurisdiction. The demurrer therefore was properly overruled.

Appellant's counsel argue one or two questions concerning objections to evidence, which do not appear to have been specifically called to the attention of the court, being referred

to in a most general manner in the note of testimony, and no ruling by the court thereon. A consideration thereof is therefore here unnecessary, and we might add that we are of the opinion these matters are of no material consequence upon this appeal.

The remaining question relates to one of fact. Counsel for appellee insists that the recital in the deed as to the location of the chert pit, as well as the recital in the receipt, are binding and conclusive between the parties to show that these representations were made, citing in support thereof Frederick v. Youngblood, 19 Ala. 680, 54 Am. Dec. 209, and Winston v. Browning, 61 Ala. 80. Whether or not this insistence is correct, under the circumstances here presented, need not be, and is not, determined. Suffice it to say that the parol evidence offered by complainant is so strongly supported by the declarations contained in these documents, as well as by the facts and circumstances which need not here be detailed, as to persuade our minds that the complainant has sufficiently met the burden of proof resting upon him (Crooker v. White, 162 Ala. 476, 50 South. 227), and that the trial court has reached the correct conclusion.

A discussion of the evidence in detail will serve no useful purpose. It has been given most careful consideration by the court in consultation, and our judgment is that the decree of the court below should be affirmed. It is so ordered.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.